## SOLOMON v. THOMASES, Inc.

### No. 95.

District Court, D. New Jersey.

Sept. 17, 1941.

Frederic P. Warfield, of New York City, for plaintiff.

Norman B. Jacobowitz, of Jersey City, N. J. (George E. Middleton, of New York City, of counsel), for defendant.

SMITH, District Judge.

This is a suit for infringement of Patents No. 1,641,871 and No. 2,104,935, issued to Samuel Solomon, on applications filed on October 8, 1926, and April 9, 1936, respectively, and assigned to Sarah Levine Solomon, the plaintiff herein.

The complaint presents two separate and distinct, but related, causes of action. The defenses urged are invalidity and non-infringement. The patents and the alleged infringements thereof are separately considered.

### Patent No. 1,641,871.

### Findings of Fact.

The alleged invention is adequately defined in claims 1 and 4, which are illustrative of claims 2, 5 and 6, all of which the plaintiff relies upon and alleges were and are infringed by the product manufactured by the defendant. The invention is defined in the said claims as follows:

"A brief case including front and rear sections defining a receptacle, a flap on the rear section adapted to be folded over the upper edge of the front section *and means for reinforcing the edges of the sections including welt pieces defining hollow beads and U-shaped spring wire reinforcements in the beads framing the bottom and side edges of the sections, said reinforced beads projecting laterally beyond the edges of the front and rear sections and constituting buffers.*"

"A brief case including front and rear sections, gussets connecting the side edges and the bottom edges of the front and rear sections, *and means for reinforcing the outermost portions of the gussets, comprising welt covered spring wire reinforcements.*"

It appears from the file wrapper, a certified copy of which is in evidence, that of eleven claims advanced by the patentee, in his petition to the Commissioner of Patents, five were rejected in their entirety and were thereupon cancelled. When the claims in suit are read and interpreted in the light of the rejected claims and the prior art, it is evident that the elements thereof are restricted to those hereinabove underlined. The claims are limited to a rigid frame of wire construction, so made and incorporated into the finished article as to form a buffer. The alleged invention is, in fact, nothing more than a buffer frame adaptable to the manufacture of a brief case. The structure serves a dual function, to wit, reinforcement and protection.

The claims, even when considered per se, without reference to the prior art, disclose nothing more than mechanical ingenuity common to those skilled in the art of manufacturing luggage. The absence of invention is plain. It, therefore, necessarily follows that the claims are invalid for lack of invention.

When the claims in suit are examined in the light of the prior art, as exemplified in the Jenks patent (No. 287,658), the Axelman patent (No. 1,214,876), the Smith patent (No. 1,430,267), the Lifton patent (No. 1,463,270), the Burchess patent (No. 1,-464,643), and the Lifton patent (No. 1,-512,772), complete anticipation by the prior art is obvious. All of the said patents are directed to the reinforcement of luggage by the use of metal stays or frames. The Lifton patents, in particular, are directed to the use of metal frames for the reinforcement of brief cases, and contemplate their embodiment in the finished structures in such a manner as to form reinforced edges. The conclusion that the Solomon patent follows the teachings of the prior art is inescapable; the disclosures of the said patent contribute nothing to the prior art except a better description of results previously accomplished.

Although it seems unnecessary, reference to the prior art, as exemplified in foreign patents, to wit, the Burch patent (British No. 158,755) and the Lucas patent (French No. 333,007), discloses complete anticipation. This is particularly true of the former patent, in which the specification prescribes several methods of reinforcing luggage by the use of steel frames. The specification in this patent is so complete that a person of ordinary skill, following its teachings, could manufacture a brief case in which all of the elements of the patent in suit would be incorporated.

Thus, the claims in suit are invalid because of complete anticipation by the prior art.

### Conclusions of Law.

The claims in suit are invalid for the reasons hereinabove stated, and the relief sought by the plaintiff is, therefore, denied.

### Patent No. 2,104,935.

### Findings of Fact.

The second cause of action is predicated upon the alleged infringement of claim 1, which defines the invention as follows:

"A brief case including a pair of similarly shaped generally rectangular front and back sections, *flexible gussets connecting all edges of said sections to permit substantially uniform expansion of the case, a portion of said gusset forming material having a longitudinal slit therein providing access to the case and a metallic slide fastener for closing the slit,* at least one partition-forming member dividing the interior of the case into a plurality of pockets, three edges of said partition-forming member being secured to the gussets and said member being secured to the gussets and said member terminating short of the top of the brief case, said partition-forming member defining fold lines for the gusset portions to which it is connected."

The claim is directed particularly to that portion thereof which is italicized. The alleged invention embodies but two elements, to wit, flexible gussets connecting *all edges* to permit *uniform expansion* and a longitudinal slit in the top gusset into which is inserted a *metallic slide fastener,* commonly referred to as a "zipper." The other elements, to wit, plurality of pockets, etc., bespeak absence of invention, and were, and are, so well known in the art as to require no discussion.

The use of expansible gussets in the manufacture of luggage was common, and their use in the construction of brief cases was not novel. The contribution to the art by Solomon was not the result of inventive genius; at most, Solomon, with the advent of the slide fastener, foresaw the advantage of adding a fourth (top) expansible gusset and inserting therein a slide fastener. This may have been an improvement, but it was, however, not a patentable improvement.

The patent in suit discloses nothing more than an aggregation of prior well-known devices, to wit, the expansible gusset and the slide fastener, each constituent of which performs its peculiar function in a manner theretofore well known. The devices, in their new adaptation, fulfilled no new function and produced no new result. This finding is conclusively corroborated by the evidence of the prior art, which will be hereinafter discussed.

The claim in suit lacks invention for the reasons hereinabove stated, and is, therefore, invalid.

When the claim in suit is examined in the light of the prior art, as exemplified in the Guenther patent (No. 1,571,475) and the Herrmann patent (No. 1,962,594), complete anticipation is apparent. The former describes the invention to which it is directed, as follows:

"The invention relates to brief bags and has for its object to provide a simple, durable and effective structure involving relatively few parts, that may be made and assembled at a minimum of labor and ex-

pense, to which ends the invention comprises a bag having sides provided with upper extensions which are slotted to constitute handles for carrying the bag, integral end and bottom members provided with bellows folds secured to the lateral and bottom edges of the sides and, if desired, having one or more partitions secured between folds of the ends, flaps attached to the inner faces of the side extensions, which flaps are provided with fastening means secured to their longitudinal edges, said fastening means preferably being formed of interengaging loops, which are moved into and out of locking arrangement by a slide."

When the structure therein described is read on the Solomon patent, we find not similarity, but identity, except as to the top gusset. The Herrmann patent, likewise, discloses the use of a slide fastener in similar combination.

The state of the prior art is further established by manufacturers' catalogues of general trade circulation, copies of which were offered and received in evidence without objection. The said catalogues, all of which antedate the application of the patentee, are replete with illustrations and descriptions of brief cases, which embody not one, but both, fundamental elements upon which the Solomon patent is based. An extensive discussion of these publications seems unnecessary. The descriptions therein are sufficient to enable a person of ordinary skill to construct any one or more of the brief cases described.

It seems unnecessary to discuss the question of infringement, but evidence thereof is so patently lacking as to demand comment. Even if it is assumed, for the purposes of discussion, that the claim in suit is valid, there is no evidence that it has been infringed. It is obvious from a careful examination of the alleged infringing structure that the defendant did nothing but follow the teachings of the prior art without encroaching upon the narrow elements of the claim in suit. It is true that there is some similarity, but there is not such similarity as would support a finding of infringement.

It is further urged by the plaintiff that the defendant's product infringes claim 4 of the Solomon patent (No. 1,641,871), hereinabove quoted and discussed. The finding that the said claim is invalid makes the consideration of the question of infringement unnecessary.

Conclusions of Law.

The claim in suit is invalid for the reason hereinabove stated, and the relief sought by the plaintiff is, therefore, denied.